UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE BERCUT,

    Plaintiff,

v.

MICHAELS STORES INC.,

    Defendant.

Case No. 17-cv-01830-PJH

**ORDER GRANTING MOTION TO REMAND; DENYING MOTION TO STAY AS MOOT**

Re: Dkt. Nos. 13, 32, 38, 41

Plaintiff's motion to remand and defendant's motion to stay came on for hearing before this court on June 28, 2017. Plaintiff appeared through her counsel, Mark Greenstone. Defendant appeared through its counsel, Michael Burns and Robert Szyba. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to remand for the reasons that follow. Given this disposition, the motion to stay the case is DENIED AS MOOT.

## BACKGROUND

**A.    Factual Allegations**

This is a putative class action under the Fair Credit Reporting Act ("FCRA"), which was removed, for the second time, from Sonoma County Superior Court on March 31, 2017. Dkt. 1. Plaintiff Michelle Bercut alleges that defendant Michaels Stores, Inc. ("Michaels") procured consumer reports in conjunction with its employment applications, yet failed to comply with FCRA's disclosure requirements for obtaining such reports. Compl. ¶¶ 2, 62, 71. The basis for removal is both federal question and CAFA jurisdiction. Notice of Removal ¶ 12.

Specifically, Bercut alleges that in the fall of 2014 she applied to work for Michaels by completing an online application. Compl. ¶ 32. In conjunction with that application, Michaels used a third party to procure consumer and/or investigative reports within the

meaning of FCRA, as part of its background check for potential employees. Compl. ¶¶ 2–3, 41–43.

Procuring such reports is not unlawful, but is subject to particular disclosure requirements under FCRA. Compl. ¶¶ 3, 22–30. One of the concerns that motivated FCRA was that "prospective employers were obtaining and using consumer reports in a manner that violated job applicants' privacy rights." See Syed v. M-I, LLC, 853 F.3d 492, 496–97 (9th Cir. 2017) (citing S. Rep. No. 104-185 at 35 (1995)). In response, Congress enacted the provision now codified at 15 U.S.C. § 1681b(b)(2)(A), which prohibits the procurement of consumer reports "for employment purposes" unless certain specified procedures are followed. Id.

Section 1681b(b)(2)(A) requires a "clear and conspicuous" written disclosure before a consumer report is procured for employment purposes, which must be contained "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i). The complaint refers to this provision as FCRA's "stand-alone disclosure" requirement. See Compl. ¶ 24. Plaintiff alleges that under judicial and FTC guidance, the stand-alone disclosure may not be part of the employment application document, and may not include a liability release. Compl. ¶¶ 26–27. FCRA further requires that the consumer authorize the procurement of the consumer report "in writing." 15 U.S.C. § 1681b(b)(2)(A)(ii).

Plaintiff alleges that Michaels' online application consisted of a single form, violating FCRA's stand-alone disclosure requirement. Compl. ¶¶ 37–38. The application does include a hyperlink to a purported "disclosure form," but plaintiff alleges that this is insufficient because the disclosure was not "clear and conspicuous" and included "extraneous information." Compl. ¶¶ 38–39. Plaintiff also alleges that the application's electronic signature procedure was not an effective "authorization" under FCRA for the procurement of a consumer report. Compl. ¶ 71.

Plaintiff seeks to represent a nationwide class of "all employees or prospective employees of [Michaels] who applied for a job by filling out Defendant's online Employment Application, with respect to whom Defendants procured or caused a

2

consumer report to be procured, during the two years prior to the filing of the Complaint in this action through the date of certification." Compl. ¶ 55.

Bercut asserts two causes of action under FCRA, one based on defendant's alleged failure to make the required disclosures, and one based on defendant's alleged failure to obtain the required authorization. Plaintiff seeks statutory and punitive damages, as well as attorneys' fees and costs. Compl. ¶¶ 67–69, 73–75.

**B.    Procedural History**

The case has an unusual procedural history. The complaint was originally filed on June 8, 2015 in California Superior Court for Sonoma County. Notice of Removal ¶ 1. Michaels first removed the matter to the Northern District of California on June 23, 2015. Id. ¶ 3. Less than three weeks later, the Judicial Panel for Multidistrict Litigation identified the case as a tag-along action. See Bercut v. Michaels Stores, Inc., No. 4:15-cv-02913-HSG, Dkt. 14. On July 14, 2015, the case was transferred to MDL No. 2615, In re Michaels Stores, Inc., FCRA Litigation (the "In re Michaels MDL" or "the MDL") before the Hon. Kevin McNulty in the District of New Jersey. Notice of Removal ¶ 4.

The In re Michaels MDL was subsequently stayed pending the Supreme Court's decision in Spokeo v. Robins, 136 S. Ct. 1540 (2016). Notice of Removal ¶ 6. Following the Supreme Court's May 16, 2016 decision in Spokeo, Michaels successfully moved to dismiss plaintiffs' claims based on a lack of Article III standing. See Dkt. 2, Burns Decl. in Support of Removal ("Burns Decl.") Ex. D.

In granting the motion to dismiss, Judge McNulty found that plaintiffs had only alleged violations of "purely formal requirements of FCRA" and "do not factually allege any harm aside from the statutory violation itself." In re Michaels, MDL No. 2615, 2017 WL 354023, at *5 (D.N.J. Jan. 24, 2017). For example, plaintiffs "do not allege that they were confused or distracted by the [disclosure] format, or that they did not know what they were authorizing. Nor do they deny that in fact they completed the online application and authorized the background check." Id. at *11. As a result, the stand-alone disclosure violation was a "bare procedural violation" that is insufficient to confer standing

3

under Spokeo. Id.; accord Lee v. Hertz Corp., No. 15-CV-04562-BLF, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016) (no Article III standing because plaintiffs did not allege that "they would not have authorized Hertz to a background report had they received a FCRA-compliant disclosure").

There were three cases consolidated in the In re Michaels MDL. The two cases that were originally filed in federal court were dismissed, and the plaintiffs in those cases have appealed the dismissal to the Third Circuit. See Burns Decl. in Support of the Motion Stay ("Burns Stay Decl.") Ex. 20. Michelle Bercut, the plaintiff here, did not participate in that appeal.

This case, unlike the others, originated in state court. Accordingly, Judge McNulty did not dismiss the action, but remanded the matter back to Sonoma County Superior Court on March 2, 2017, based on the lack of federal subject matter jurisdiction. Notice of Removal ¶¶ 7–8; Burns Decl. Ex. E. This case thus briefly returned to state court until Michaels' successive removal to this court on March 31, 2017.

**C.    The Ninth Circuit's Decisions in Syed**

Michaels' justification for its successive removal relies on the Ninth Circuit's decision in Syed v. M-I, LLC as a "relevant change of circumstances" justifying "a successive, good faith petition for removal." See Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991).

The notice of removal cites to the January 20, 2017 decision of the Ninth Circuit in Syed ("Syed I"). See Notice of Removal ¶ 10 (citing Syed I, 846 F.3d 1034 (9th Cir. 2017)). However, on March 20, 2017, Syed I was withdrawn and superseded upon the denial of rehearing. See Syed v. M-I, LLC, 853 F.3d 492 (9th Cir. 2017) ("Syed II").

The legal theory in the Syed litigation is very similar to this case. Syed alleged that when he applied for a job with M-I (the defendant), he signed a "Disclosure Release" document, which included both an authorization for M-I to procure his consumer report and a broad release of liability. Syed II, 853 F.3d at 497. Syed alleged that this

4

disclosure violated the requirements of FCRA, specifically 15 U.S.C. § 1681b(b)(2)(A), the same stand-alone disclosure requirement relied on by Bercut. Id. at 498.

The district court dismissed Syed's complaint for failure to sufficiently plead willfulness. Id. On the merits, the Ninth Circuit reversed, and held that "a prospective employer violates Section 1681b(b)(2)(A) when it procures a job applicant's consumer report after including a liability waiver in the same document." Id. at 496. Moreover, "a prospective employer's violation of the FCRA is 'willful' when the employer includes terms in addition to the disclosure, such as the liability waiver here, before procuring a consumer report." Id. at 496.

Before reaching that conclusion, the Ninth Circuit first found that Syed had Article III standing, despite Spokeo. Syed II's analysis of the standing issue consists of two paragraphs and reads in full:

> Syed has established Article III standing. A plaintiff who alleges a "bare procedural violation" of the FCRA, "divorced from any concrete harm," fails to satisfy Article III's injury-in-fact requirement. Spokeo, Inc. v. Robins, __ U.S. __, 136 S. Ct. 1540, 1549 (2016). However, Syed alleges more than a "bare procedural violation." The disclosure requirement at issue, 15 U.S.C. § 1681b(b)(2)(A)(i), creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process. The authorization requirement, § 1681b(b)(2)(A)(ii), creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check. By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a "chain[ ] of causation that will give rise to a case or controversy." See Spokeo, 136 S. Ct. at 1549 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Kennedy, J., concurring)).
>
> Syed alleged in his complaint that he "discovered Defendant M-I's violation(s) within the last two years when he obtained and reviewed his personnel file from Defendant M-I and discovered that Defendant M-I had procured and/or caused to be procured a 'consumer report' regarding him for employment purposes based on the illegal disclosure and authorization form." This allegation is sufficient to infer that Syed was deprived of the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(i)–(ii) because it indicates that Syed was not aware that he was signing a waiver authorizing the credit check when he signed it.

5

> Drawing all reasonable inferences in favor of the nonmoving party, we can fairly infer that Syed was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute. Therefore, Syed did allege a concrete injury and has Article III standing to bring this lawsuit. See Thomas v. FTS USA, LLC, 193 F. Supp. 3d 623, 628–638 (E.D. Va. 2016) (holding that an improper disclosure under 15 U.S.C. § 1681b(b)(2)(A) causes "a concrete injury sufficient to confer standing").

Syed II, 853 F.3d at 499–500 (string citations omitted).

Syed I has been withdrawn from the Federal Reporter. The principal change to the opinion appears to be the addition of second paragraph above, which discusses the allegation that Syed "discovered" the FCRA violations, from which the Ninth Circuit "infer[red]" that Syed "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure." Id. Syed II also includes a new footnote, in which the Ninth Circuit notes that although the plaintiff's allegations must be taken as true for purposes of a motion to dismiss, "what suffices at the Rule 12(b)(6) stage may not suffice at later stages of the proceedings when the facts are tested." Id. at 499 n.4

**DISCUSSION**

A week following its removal to this court, Michaels moved to stay the case until the Third Circuit resolves the pending appeal in the In re Michaels MDL. Dkt. 13. Plaintiff responded with a motion to remand this case back to state court. Dkt. 32. Both motions are fully briefed and ripe for resolution.[1]

**A.    Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such

---

[1] Following the close of briefing, Michaels filed a submission in response to this court's standing order regarding removed cases. Dkt. 38. Bercut then filed a response to Michaels' submission. Dkt. 41. Because Michaels' submission was due ten days after removal, it is untimely and the court hereby STRIKES both Michaels' submission and plaintiff's response, and declines to consider these filings.

6

action is pending." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 7–8 (1983) (citation omitted); see also 28 U.S.C. § 1441.

However, federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

**B.   Analysis**

Both parties take positions in this matter contrary to those that they previously asserted in the MDL. Plaintiff argues that her complaint does not allege any injury-in-fact, and that the case must be remanded because she lacks Article III standing. Michaels, while not quite conceding that standing exists, argues that remand is inappropriate because the Syed decision provides a basis for injury-in-fact to be inferred from the complaint. Presuming that the case can remain in federal court, Michaels further seeks to stay the case pending resolution of the appeal in the In re Michaels MDL.

Since the remand motion goes to the court's power to hear the case, it must be considered first. Although Michaels tries to artificially divorce Article III standing and removal jurisdiction, standing is an element of federal subject matter jurisdiction. See Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). Under the Ninth Circuit's decision in Syed II and the Supreme Court's decision in Spokeo, the court finds that Bercut has not alleged facts sufficient to support Article III standing.[2]

As plaintiff herself now concedes, she alleges only "a bare procedural violation" of FCRA. See Spokeo, 136 S. Ct. at 1550. Syed II confirms, in an almost identical context,

---

[2] Plaintiff devotes much of her argument to maintaining that Michaels is estopped or precluded from asserting a position on standing different from the stance that it took in the MDL. However, the court does not need to reach this issue because it finds that plaintiff lacks standing under Syed II and Spokeo even if the issue is considered anew.

7

that Article III requires some allegation of actual harm, e.g., that plaintiff was "confused" by the disclosure or that she would not have signed the authorization had it been presented in a FCRA-compliant format. Syed II, 853 F.3d at 499–500. No such allegations of actual harm are made in this case, and unlike in Syed II, there is no basis to infer actual harm from the complaint's allegations. The complaint here contains no allegation that Bercut "discovered" the FCRA violation, nor does plaintiff allege that she was confused or otherwise concretely harmed by the stand-alone disclosure violation.

This result is dictated by Spokeo. Indeed, Judge McNulty relied on essentially this same reasoning when he previously remanded this case. See In re Michaels, MDL No. 2615, 2017 WL 354023, at *11 (D.N.J. Jan. 24, 2017) (finding no Article III standing under Spokeo because plaintiffs "do not allege that they were confused or distracted by the [employment application] format, or that they did not know what they were authorizing. Nor do they deny that in fact they completed the online application and authorized the background check.") Syed II is to similar effect, making clear that actual confusion or some other non-procedural harm must be alleged to create an Article III controversy. 853 F.3d at 500. Judge McNulty's ruling also accords with persuasive authority in this district. See Lee v. Hertz Corp., No. 15-CV-04562-BLF, 2016 WL 7034060, at *6 (N.D. Cal. Dec. 2, 2016).

Remand is thus required because Article III standing is a required element of federal subject matter jurisdiction. At the very least, there are substantial "doubts" as to whether this court has subject matter jurisdiction. Gaus, 980 F.2d at 566. This case must therefore proceed, if at all, in a state court not bound by Article III. See ASARCO Inc. v. Kadish, 490 U.S. 605, 617 (1989) ("[T]he constraints of Article III do not apply to state courts.").[3]

///

---

[3] Because of the uncertainty created by Syed I, the court DENIES plaintiff's request for fees and costs associated with removal. Michaels' basis for removal was erroneous, but not objectively unreasonable; the court therefore declines to exercise its direction to award costs. See Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005).

8

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED. Because this court lacks subject matter jurisdiction, defendant's motion to stay is DENIED AS MOOT. Michaels must present its arguments in favor of a stay to the state court.

The Clerk shall REMAND this matter back to the Superior Court of California, Sonoma County, and close the case on this court's docket.

**IT IS SO ORDERED.**

Dated: June 29, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge